Barbour, Ch. J. [concurring in a reversal on different grounds, delivered an opinion as follows:]
There can be no doubt that the plaintiff was entitled to a judgment upon the pleadings and proofs exhibited at the trial, unless the defendants were released from liability for the loss of the goods, by the terms of the bill of lading; for the property was received by the latter as common carriers, and was not lost by the act of God or public enemies while in their possession as such carriers.
It is not necessary to discuss the question whether the mere employment by the plaintiff of a broker to ship the goods conferred upon him an authority to enter into a special agreement with the shipowners exonerating them from their ordinary legal liability as common carriers, nor, if so, whether the broker’s clerk who made the shipment possessed such authority by *439 virtue of the employment of his principal to ship the goods, for there is no evidence in the case tending to prove that any agreement whatever was made with the defendants or their agents, by either the broker or his clerk. The broker did nothing whatever personally, and all that was done by the clerk was to insert a description of the goods in a blank bill of lading and send it to the office of the defendants; but such bill was not signed there and returned, so as to make its acceptance a valid contract between the parties, prior to the sailing of the ship. Indeed, it is quite apparent from the evidence that the goods were' delivered to the defendants as common carriers, without any special or other agreement limiting their liability, and were stolen and carried away from their wharf while so held; that the only agreement between the plaintiff and the defendants was contained in the bill of lading, and that agreement was made and completed by the delivery of the bill to the plaintiff and his acceptance of it on board the ship two days after she had sailed, and after the goods were lost and the right of action in the plaintiff to recover their value had accrued.
The special provision in the bill of lading which was intended to exempt the carriers from liability in certain specified cases, cannot properly be considered as applicable to the goods which had thus become lost before the delivery of the bill of lading, either in terms or as construed by the intention of the plaintiff and the defendants’ officers. For, the provision in question speaks only in futuro, and, by its terms, as well as clear intent, the owner of the goods undertook,—not to bear a loss which had already occurred, nor to discharge the defendants from their legal obligation to pay for the goods which they had lost,—but to assume a certain future hazard or risk ; the language being, “ It is expressly stipulated that the articles named in the bill of lading shall be at the risk of the owner, &c., *440 while on the pier or wharf awaiting shipment.” It is clear, too, that when the bill was delivered to the owner, both he and the ship’s officers believed that the goods were on board; and for that reason it is impossible to suppose that either of the parties designed by the provision in question to discharge the carriers from an accrued liability. ' The provision in the bill of lading which is relied upon by the defendants as exempting them from liability, therefore, does not apply to the goods which are the subject of this action, nor operate as a discharge of the defendants from their obligation to pay for them.
I concur with my brother Jones in the opinion that the efforts of the plaintiff to give notice of the loss at St. Thomas was a performance on his part of the conditions of the bill of lading in that regard, even if any attempt by him to give such notice was necessary under the circumstances, which I doubt.
For these reasons, and without considering here any further question in the case, I am of opinion that the judgment should be reversed with costs, the order of reference vacated, and a new trial directed.
Judgment reversed, new trial ordered; order of reference vacated on payment of costs of trial and appeal.